UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA AND THE CITY OF SAN DIEGO,<br><br>           Plaintiffs,<br><br>v.<br><br>KINDER MORGAN ENERGY PARTNERS, L. P., et al.,<br><br>           Defendant. | Civil No. 07-1883-MMA(WVG)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DISCLOSURE OF INFORMATION RELATED TO SHELL OIL COMPANY'S ATTORNEY MARC R. GREENBERG<br><br>(Doc. No. 101) |

Defendants Kinder Morgan Energy Partners, L.P., et al., (hereafter "Defendants") have filed a Motion to Compel Production of Documents And Disclosure Of Information Related to Shell Oil Company's Attorney Marc R. Greenberg (hereafter "Motion"). Plaintiffs People of the State of California and the City of San Diego (hereafter "City" or "Plaintiffs") have filed an Opposition to the Motion. Defendants have filed a Reply to Plaintiff's Opposition. The Court, having reviewed the Motion, Opposition, the Reply, having heard oral argument on the motion, and having reviewed *in camera* the documents that are the subject of Defendants' Motion, and GOOD CAUSE

APPEARING, HEREBY GRANTS in part and DENIES in part Defendants' Motion.

I

FACTUAL BACKGROUND

In 2003, Shell Oil Company (hereafter "Shell") entered into settlement negotiations to resolve potential litigation with Plaintiffs in which Plaintiffs would claim that Shell had liability for the clean-up of contamination that Shell acknowledged emanated from its operations. Shell was represented by Marc R. Greenberg (hereafter "Greenberg").

During the settlement negotiations, Greenberg was employed by the law firms Baker & Hostetler, and later, Keesal, Young & Logan. The City was represented by Grace Lowenberg (hereafter "Lowenberg") and Frank Devaney (now Judge Devaney)(hereafter "Devaney").

During the negotiations between the City and Shell regarding Plaintiffs' potential claims against Shell, Greenberg offered to represent the City in litigation against Defendants.

In order to determine whether the City would retain Greenberg to pursue litigation against Defendants, the City sought from Greenberg oral and written legal advice regarding potential claims against Defendants for Defendants' alleged contamination of 166 acres under and surrounding Qualcomm Stadium (hereafter "the Property"). On October 24, 2004, the City and Shell entered into a Settlement Agreement regarding Shell's liability for contamination at the Property.

Defendants seek production of nine documents that the City has withheld from production based on the attorney-client privilege and work product doctrine. These documents are communications

between Greenberg and Lowenberg and/or Devaney and/or other employees of the City who were working with Lowenberg and/or Devaney. The Court has reviewed the documents *in camera*.

## II

## ANALYSIS

### A. California Law Applies to Plaintiffs' Assertion of the Attorney-Client Privilege

Plaintiffs' First Amended Complaint contains causes of action for Public Nuisance, pursuant to California Code of Civil Procedure §731, and California Civil Code §§ 3479 and 3480; Private Nuisance pursuant to California Civil Code §§ 3479, 3480 and 3481; Trespass, Negligence, Violation of California Health & Safety Code §25249.5 (Drinking Water and Toxic Enforcement Act of 1986); Violation of California Business & Professions Code § 17200, et seq.; and Declaratory Relief.

Federal Rule of Evidence 501 states in pertinent part:

> ...(I)n civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Here, Plaintiffs' causes of action arise under California law. Therefore, pursuant to Fed. R. Evid. 501, the City's assertion of the attorney-client privilege is determined in accordance with California law.

### B. Attorney-Client Privilege

It well settled under California law that the attorney-client privilege applies to confidential communications during preliminary negotiations with an attorney even if employment of the attorney is declined. Rosso, Johnson & Ebersold v. Superior Court, 191 Cal. App.

3d 1514, 1518 (1987)[citing Estate of Dupont, 60 Cal. App. 2d 276, 287-288 (1943)]. "The fiduciary relationship existing between lawyer and client extends to preliminary consultations by a prospective client with a view to retention of the lawyer, although actual employment does not result." People ex. rel. Department of Corps. v. Speedee Oil Changes Systems, 20 Cal. 4th 1135, 1147-1148 (1999)[citing Westinghouse Elec. Corp. v. Kerr-McGee Corp., 580 F.2d 1311, 1319 (7th Cir. 1978)]. This legal principle is further supported by California Evidence Code § 951, which states in pertinent part: "...(C)lient means a person who, directly or through an authorized representative, consults a lawyer for the purpose of *retaining the lawyer* or securing legal service or advice from him in his professional capacity..." (emphasis added).

Here, Lowenberg states in her Declaration that in order to determine whether she would recommend retaining Greenberg's legal services, the City needed to evaluate its claims against Defendants, as well as Greenberg's and his experts' qualifications. Therefore, the City sought from Greenberg, and Greenberg provided, verbal and written legal advice regarding the City's potential claims against Defendants for Defendants' alleged contamination of the Property and potential damages arising therefrom. The City also sought and received from Greenberg legal advice regarding the potential for Dr. Richard Jackson[1] to be the City's expert environmental consultant. Further, Lowenberg states that the City expected and understood that its communications to Greenberg, and Greenberg's communications to

---

[1] Although not entirely clear from the papers submitted by counsel, Dr. Jackson appeared to have been Judge Robert Altman's technical advisor in a mediation Judge Altman conducted in the dispute between Shell and Defendants.

it, regarding potential claims against Defendants, were made in confidence and protected by the attorney client privilege. Similarly, Greenberg states in his Declaration that at the time his communications were made to Lowenberg and Devaney, the City was evaluating who to retain to pursue its claims against Defendants. Further, Greenberg states that he had several meetings with Devaney in which Defendants' liability was discussed as well as various possible fee arrangements that he could offer the City should the City retain him for its suit against Defendants. Ultimately, the City hired another attorney to represent it in its suit against Defendants (this litigation). Additionally, Greenberg states that many of the documents at issue in this Motion were communications between him and the City when the City was evaluating its case against Defendants and whether to retain him to pursue litigation against Defendants. Finally, Greenberg states that some of the documents at issue are his work product.

Defendants assert that the documents are not protected by the attorney-client privilege, based upon the dates of the documents provided on the City's privilege log, and upon statements made by attorneys for the City. Further, Defendants contend that many of the communications at issue occurred during the time that Greenberg identified himself as attorney for Shell (prior to, during and after the mediation before Judge Altman). Additionally, Greenberg and the City entered into an agreement that released Shell from claims that the City had against Shell arising from the contamination at the Property. Therefore, Defendants contend that any such assertion of the attorney-client privilege is implausible because if Plaintiffs'

explanation is accepted, Greenberg committed ethical violations, which appears to be unlikely.[2]

The Court agrees in part with the City regarding its characterization of the documents at issue. It is clear that during the negotiations between the City and Shell regarding the City's potential claims against Shell, Greenberg offered to represent the City in potential litigation against Defendants. The City's attorneys sought and received oral and written legal advice from Greenberg on several matters pertaining to potential claims against Defendants in order to determine whether the City should retain Greenberg. The City's attorneys considered the communications to be confidential. Greenberg's characterization of the communications reveal that the communications were intended to be confidential and were made at a time when the City was evaluating whether to hire him for litigation against Defendants. Therefore, the Court concludes, after *in camera* review, that some, but not all, of the documents are protected from disclosure by the attorney-client privilege. Specifically, document numbers 116,[3] 191, 192, 193, 282 and PLF Privilege Log Entry 121 are protected from disclosure.

C. <u>Work Product</u>

Plaintiffs argue that document numbers 104, 113 and 116 are protected from disclosure by the work product doctrine. Plaintiffs contend that these documents were prepared by Greenberg in anticipation of litigation against Defendants in connection with the City's

---

[2] The Court does not express an opinion regarding whether Greenberg committed ethical violations.

[3] All references to document numbers are to the Working Group Privilege Log, as noted at page 5 of Defendants' Points and Authorities in Support of the Motion to Compel (Doc. # 101-1), unless otherwise noted.

evaluation of whether to hire Greenberg to represent it in an action against Defendants. Therefore, the City concludes that pursuant to Fed. R. Civ. Pro. 26(b)(3), the documents are protected from disclosure.

Defendants argue that Plaintiffs can not claim the documents in issue are protected from disclosure by the work product doctrine because they did not have an attorney-client relationship with Greenberg.

Fed. R. Civ. Pro. 26(b)(3)(A) and (B) state in pertinent part:

> (A) Ordinarily, a party may not discover documents... that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney...
> (B) If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions or legal theories of a party's attorney or other representative concerning the litigation.

The Court disagrees with Plaintiffs' assertion that document numbers 104, 113 and 116 are protected from disclosure by the work product doctrine. The documents were not prepared by Greenberg in anticipation of the City's litigation against Defendants. Instead, the documents are merely Greenberg's responses to the City's inquiries in connection with the City's evaluation whether to hire Greenberg for litigation against Defendants. Therefore, the Court concludes, after *in camera* review, that document numbers 104, 113 and 116 are not protected from disclosure by the work product doctrine.

D. <u>Confidential Settlement Discussions</u>

Neither Plaintiffs nor Defendants discuss whether the documents in issue may be protected from disclosure because they

embody confidential communications made with respect to settlement negotiations.

Communications made in furtherance of settlement negotiations are protected from third party discovery because of the public policy favoring confidentiality of such communications. <u>Phoenix Solutions v. Wells Fargo Bank</u>, 254 F.R.D. 568, 583 (N.D. Cal. 2008)[citing <u>Goodyear v. Chiles Power Supply</u>, 332 F.3d 976, 980 (6th Cir. 2003)]. There is a well-established privilege relating to settlement discussions. <u>Cook v. Yellow Freight</u>, 132 F.R.D. 548, 554 (E.D. Cal. 1990) overruled on other grounds in <u>Jaffee v. Redmond</u>, 518 U.S. 1 (1996). A strong public policy exists that favors the confidentiality of attempts to resolve disputes. <u>U.S. v. Contra Costa County Water Dist.</u>, 678 F.2d 90, 92 (9th Cir. 1982).

Here, some of the documents in issue are communications between Greenberg and the City regarding Shell's potential liability to the City for contamination of the Property. These documents embody some of the settlement negotiations that occurred between Greenberg, on behalf of Shell, and the City's attorneys. Therefore, the Court concludes, after *in camera* review, that some of the documents in issue are settlement communications that are confidential and protected from disclosure to third parties. Specifically, document numbers 190, 191, 192 and 193 are protected from disclosure.

As a result of the foregoing, the Court ORDERS:

1. With respect to Working Group Privilege Log, document number 104, the document is not protected from disclosure and shall be produced.

     2. With respect to Working Group Privilege Log document number 113, the document is not protected from disclosure and shall be produced.

     3. With respect to Working Group Privilege Log document number 116, the document is not protected from disclosure by virtue of the work product doctrine but is protected from disclosure by the attorney-client privilege and shall not be produced.

     4. With respect to Working Group Privilege Log document number 190, the document is protected from disclosure because it is a confidential settlement communication, and shall not be produced.

     5. With respect to Working Group Privilege Log document number 191, the document is protected from disclosure, because it is in part a confidential settlement communication, and in part, by the attorney-client privilege, and shall not be produced.

     6. With respect to Working Group Privilege Log document number 192, the document is protected from disclosure because it is in part a confidential settlement communication, and in part by the attorney-client privilege, and shall not be produced.

     7. With respect to Working Group Privilege Log document number 193, the document is protected from disclosure because it is in part a confidential settlement communication, and in part by the attorney-client privilege, and shall not be produced.

     8. With respect to Working Group Privilege Log document number 282, the document is protected from disclosure by the attorney-client privilege, and shall not be produced.

     9. With respect to PLF Privilege Log entry number 21, the document is protected from disclosure by the attorney-client privilege, and shall not be produced.

On or before <u>October 26, 2010</u>, Plaintiffs shall produce to Defendants Working Group Privilege Log document numbers 104 and 113. IT IS SO ORDERED.

DATED: October 12, 2010

                                        Hon. William V. Gallo
                                        U.S. Magistrate Judge