FILED

2011 APR 22 AM 10: 10

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA AND THE CITY OF SAN DIEGO,<br><br>Plaintiffs,<br><br>vs.<br><br>KINDER MORGAN ENERGY PARTNERS, L.P., et al.,<br><br>Defendants. | CASE NO. 07-CV-1883 MMA (WVG)<br><br>ORDER RE: PLAINTIFF THE CITY OF SAN DIEGO'S OBJECTIONS TO FEBRUARY 3, 2011 ORDER OF UNITED STATES MAGISTRATE JUDGE<br><br>[Doc. No. 137] |

On February 3, 2011, Magistrate Judge William V. Gallo ordered Plaintiff the City of San Diego ("the City") to pay sanctions pursuant to Federal Rule of Civil Procedure 37 based on its discovery conduct. The City objected to the sanctions order pursuant to Rule 72(a) on February 17, 2011, and Defendant Kinder Morgan ("Defendant") responded on February 25, 2011. Having read the parties' papers and carefully considered their arguments and relevant legal authority, the Court hereby **OVERRULES** the City's objections to the sanctions order.

### BACKGROUND

The City sued Defendant in 2007, alleging petroleum contamination on the City's Qualcomm Stadium property, resulting in damages. During discovery stages of this action, the City served its initial disclosures, asserting $147,936,100 in damages. Defendant served interrogatories to the City, requesting all facts underlying its damages claim in Interrogatories 24 and 25. On July 2, 2009,

- 1 -

07cv1883

finding the City's responses to be deficient, Defendant filed a Motion to Compel Further Responses to Interrogatories, and on September 28, 2009, Magistrate Judge Battaglia ordered the City to supplement its responses to Interrogatories 24 and 25 [Doc. No. 76].

On January 12, 2010, Defendant informed the Court that the City had not supplemented its responses and maintained it would provide the requested facts when expert witness reports were provided to Defendant [Doc. No. 80]. On April 9, 2010, Magistrate Judge Gallo issued an order directing the City for the second time to provide further responses [Doc. No. 85].[1]

On June 17, 2010, Defendant filed a motion to enforce the April 9, 2010 Order, along with a request for sanctions pursuant to Rule 37 [Doc. No. 99]. Judge Gallo held a hearing on Defendant's motion, and admonished the City that it could not continue to maintain its position that it would provide the underlying facts for its damages claim in its experts witnesses' reports. Judge Gallo again ordered the City to provide further responses [Doc. No. 139, Ex. B]. Following the City's submission of amended responses, the parties notified the Court they were unable to resolve their remaining issues pertaining to Interrogatories 24 and 25. At the Court's direction the parties filed a Joint Statement on January 11, 2011, in which the City raised for the first time that its responses to Interrogatories 24 and 25 complied with the dictates of *Roberts v. Heim*, 130 F.R.D. 424 (N.D. Cal. 1989) [Doc. No. 124]. Judge Gallo subsequently held a hearing on Defendant's June 17, 2010 motion to enforce the April 9, 2010 Order and Defendant's request for sanctions.

On February 3, 2011, the Court issued an Order Granting in Part and Denying in Part Defendant's Motion for Sanctions [Doc. No. 135]. Judge Gallo found the City continued to maintain that it would provide Defendant with the facts underlying its damage claims in its expert witnesses' reports, despite three court orders instructing the City it could not maintain this position. Additionally, Judge Gallo found the City did not inform Defendant or the Court at any time prior to January 11, 2011, that it was proceeding under the dictates of *Roberts v. Heim*.[2] Monetary sanctions were awarded

---

[1] Judge Battaglia transferred the case to Judge Gallo in October 2009 [Doc. No. 77].

[2] Contrary to the City's contention that Judge Gallo's February 3, 2011 Order "acknowledged that the City's position was right all along," the Court interprets the Order as acknowledging that, had the City properly proceeded under the dictates of *Roberts v. Heim* and clearly indicated early on that the only facts available to them were those *developed by* experts and that the City had no independent

to Defendant because the Court found the City's failure to obey the Court's orders to provide or permit discovery engendered unnecessary work. Specifically, Judge Gallo ordered the City to pay Defendant the sum of $28,020.00 in attorney's fees for Defendant's January 12, 2010 motion, and $21,509.20 in attorney's fees for Defendant's June 17, 2010 motion, for a total of $49,529.20, pursuant to Rule 37(b)(2)(A) and (C), and Rule 37(c)(1)(A). On February 17, 2011, the City filed the present objections to the Magistrate Judge's February 3, 2011 Order on the grounds that the order incorrectly granted Defendant's Motion for Sanctions [Doc. No. 137].

## LEGAL STANDARD

The decision of whether to impose Rule 37 sanctions for discovery violations is a non-dispositive matter. *See* 28 U.S.C. § 636(b)(1)(A); CIV. LOC. R. 72.1(b); *see also On Command Video Corp. v. LodgeNet Entertainment Corp.*, 976 F. Supp. 917, 920 (N.D. Cal. 1997). This case was referred to the assigned magistrate judge for determination of non-dispositive pretrial matters pursuant to Rule 72(a) and Local Civil Rule 72.1(b). Under Rule 72(a), a party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. FED. R. CIV. P. 72(a).

District court review of magistrate judge orders on non-dispositive motions is limited. A district judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate [judge]'s order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); *Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). "Under this standard of review, a magistrate [judge]'s order is 'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Yent v. Baca*, 2002 WL 32810316, at *2 (C.D. Cal. 2002). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241.

/ / /

---

facts, or provided Defendant with the methodology for the $147,936,100 damages estimate set forth in the Initial Disclosures, Defendant would not have needed to file the January 12, 2010 and June 17, 2010 motions to clarify this point.

# DISCUSSION

## A. Magistrate Judge's Ruling

The Magistrate Judge granted in part and denied in part Defendant's motion for sanctions. The Magistrate Judge found the City violated the Court's orders to provide or permit discovery, which engendered unnecessary work, and awarded sanctions pursuant to Rule 37. With respect to Interrogatories 24 and 25, the Magistrate Judge found the City maintained the position it would provide Defendant with the facts underlying its damage claims in its expert witnesses' reports, despite the Court's multiple orders to supplement its responses. Additionally, the Magistrate Judge found that, had the City informed the Court and Defendant it was proceeding under the dictates of *Roberts v. Heim* prior to the date the Joint Statement was filed, "much of the meet and confer conferences and the three motions to compel would have been obviated" [Doc. No. 135].

## B. The City's Arguments

The City argues the Magistrate Judge's finding that "[t]he City has maintained in its responses to [I]nterrogatories numbers 24 and 25 that it will provide to Kinder the facts underlying its damage claims in its expert witnesses' reports despite three court orders informing the City that it could not maintain that position" is an erroneous statement [Doc. No. 135 at 6]. Additionally, the City argues the Magistrate Judge's finding that the City never made clear its position that it was complying with the dictates of *Roberts v. Heim* prior to filing of the January 11, 2011 Joint Statement is "simply wrong" [Doc. No. 137 at 11].

In its Objection, the City cites its oppositions to Defendant's first, second, and third motions to compel in support of its argument that the Magistrate Judge's statement is erroneous [Doc. No. 137]. The City cites to page 10 of its first opposition, which states that "documents containing underlying facts, to the extent the City currently has reason to believe these facts will support its proof of damages, and to the extent they are not otherwise privileged, have been produced and are referenced in the City's interrogatory responses" [Doc. No. 68 at 10].[3] The City's second opposition states that

---

[3] The City omitted a citation to footnote 8 at the end of this section, in which the City stated that it "cannot, at this stage of the litigation, prior to the preparation of expert reports, know with any degree of certainty which facts its experts will rely upon in their respective expert reports. Such facts will be detailed in the experts' reports, and will be disclosed as anticipated in the Scheduling Order"

"[d]amages in this case will be proved by an expert" [Doc. No. 80 at 9–11]. Lastly, the City's third opposition states that the facts provided in its responses to Interrogatories 24 and 25 with respect to its estimate of damages in the initial disclosure "describe all of the facts relied upon by the City in providing its estimate in the initial disclosures for the damages it suffered in lost value and lost profit for real estate development. That is it. Nothing more" [Doc. No. 103 at 7]. Notably, the City has not cited to its *actual* responses to Interrogatories 24 and 25. Additionally, the City's Objection fails to address the reason for the Magistrate Judge's request that the City supplement its responses—namely that the Magistrate Judge found the City's responses to be inadequate given the specific damages estimate of $147,936,100 [Doc. No. 110].

Second, the City argues that its objection to the disclosure of facts was consistent with Rule 26 and *Roberts v. Heim*. The City argues the Magistrate Judge's "speculation" that "the City never made clear its position prior to the citation in its latest motion of *Roberts v. Heim* – is simply wrong" and that it "maintained the same legal position under Rule 26 in its responses because [that position] was correct" [Doc. No. 137 at 11]. The City further argues that, from the inception of this dispute, the City maintained it "did not have to disclose to [Defendant] facts known to its experts but not known to the City" [Doc. No. 137 at 12]. The City cites to legal authority from the City's first opposition in support of its argument that the Magistrate Judge incorrectly found the City failed to cite any authority in support of its position until the January 2011 Joint Statement.

C.   **The Magistrate Judge's Order is not Clearly Erroneous or Contrary to Law**

First, the City has not shown the Magistrate Judge's finding that the City maintained the position that it would provide to Defendant the facts underlying its damage claims in its expert witnesses' reports is clearly erroneous. The City's Third and Fourth Amended Objections and Responses to Defendant's Interrogatories state that Interrogatories 24 and 25 are "premature to the extent [the requests] call for disclosure of expert opinions," and no calculation of the damages figure ($147,936,100) is provided [Doc. No. 139, Exhibit E; Doc. No. 99, Exhibit A]. In the January 12, 2010 Joint Statement and June 17, 2010 Motion to Enforce, Defendant indicated that it was seeking the factual basis for the $147,936,100 in damages disclosed in the Initial Disclosures,

---

[Doc. No. 68 at 10 n.8].

which appeared to Defendant to be the "obvious result of a computation" [Doc No. 80 at 5], and how that number was computed. The April 9, 2010 Order directed the City to supplement its Third Amended Responses "by stating facts and referring to data that [the City] relied upon to provide the estimate in its Initial Disclosures for the damages it suffered in lost value and lost profit for real estate development" [Doc. No. 85 at 2]. At the July 15, 2010 hearing, the Magistrate Judge reiterated that, given the specificity of the damages claimed, the amount claimed appeared to be based on something and the City had an obligation to disclose how the amount was calculated [Doc. No. 110 at 35, 38].

Rather than citing its actual responses to Interrogatories 24 and 25, the City cites to its opposition memoranda and the January 12, 2010 Joint Statement. The City's partial rearticulation of the arguments the City made before the Magistrate Judge does not provide a complete representation of the City's position. A review of the City's responses to Interrogatories 24 and 25 reveals the City maintained the position that the requests were "premature to the extent [they] call for disclosure of expert opinions" [Doc. No. 139, Exhibit E; Doc. No. 99, Exhibit A]. Based on the foregoing, the City has failed to show the Magistrate Judge's finding that the City maintained it would provide facts underlying its damage claims in its expert witnesses' reports to be clearly erroneous.

Further, the City has failed to show why the Magistrate Judge's finding that the City raised for the first time in the January 11, 2011 Joint Statement that its responses to Interrogatories 24 and 25 complied with *Roberts v. Heim* was clearly erroneous or contrary to law. Although the City maintains that its citation of *Roberts v. Heim* is an articulation of the same Rule 26 legal argument it has made since the inception of the dispute, the City has failed to adequately show this. Specifically, the City has failed to explain how its reliance on *Roberts v. Heim*, which discusses Rule 26(b)(4), is consistent with the position the City took throughout the dispute when the City did not cite or rely upon subsection (b)(4) of Rule 26 until the January 2011 Joint Statement. Contrary to the City's assertion, the legal authority cited in its first opposition does not support the position the City took in the January 11, 2011 Joint Statement.

///

## CONCLUSION

Based on the foregoing, the Court **OVERRULES** Plaintiff's objections to the Magistrate Judge's February 3, 2011 Order.

**IT IS SO ORDERED.**

DATED: April 20, 2011

Hon. Michael M. Anello
United States District Judge