Jan I. Goldsmith, City Attorney
Daniel F. Bamberg, Deputy City Attorney (SBN 60499)
OFFICE OF THE SAN DIEGO CITY ATTORNEY
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
Telephone: (619) 533-5800
Facsimile: (619) 236-7215

René P. Tatro (SBN 78383)
Steven R. Tekosky (SBN 102918)
TATRO TEKOSKY SADWICK LLP
333 S. Grand Avenue, Suite 4270
Los Angeles, California 90071
Telephone: (213) 225-7171
Facsimile: (213) 225-7151

Attorneys for Plaintiffs
PEOPLE OF THE STATE OF CALIFORNIA
and THE CITY OF SAN DIEGO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA and THE CITY OF SAN DIEGO,<br><br>  Plaintiffs,<br><br>  v.<br><br>KINDER MORGAN ENERGY PARTNERS, L.P., et al.,<br><br>  Defendants. | Case No. 07-CV-1883-MMA-WVG<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' BILL OF COSTS AND REQUEST FOR STAY OF COSTS**<br><br>**Date:** March 1, 2013<br>**Time:** 10:00 am<br>**Place:** Telephonic |

## I. INTRODUCTION

On January 25, 2013, the Court entered judgment in this action dismissing the City of San Diego's (the "City") claims against Kinder Morgan. On February 8, 2013, Kinder Morgan filed a Bill of Costs and Notice of Hearing on Bill of Costs. On February 20, 2013, the People of the State of California and the City filed a Notice of Appeal, seeking review of the judgment against the City and of several interlocutory orders. The City objects to the costs as stated in Kinder Morgan's bill of costs and requests such costs be denied. Further, the City requests that any award of taxable costs be stayed pending the resolution of the appeal.

## II. ARGUMENT

### A. The City objects to Kinder Morgan's Bill of Costs

Kinder Morgan's bill of costs contains items which are explicitly disallowed under the local rules, items which are not necessary to the defense of this action, and items which are unreasonable and excessive.

#### 1. Fees for service of process

Local Rule 54.1 provides that "Fees for expedited service are allowable only if the Court ordered service to be effected on an expedited basis." Kinder Morgan's motion does not indicate that the Court ever ordered service to be effected on an expedited basis (and indeed no such orders were issued by the Court in this matter). Nevertheless, Kinder Morgan's bill of costs for fees for service providers includes costs for expedited service. Such costs should not be allowed.

In addition, some invoices indicate additional costs for service where Kinder Morgan initially provided a "bad address" to the process service provider. Costs for Kinder Morgan's carelessness or inattention in providing the correct address are not necessary to the defense of this action and should not be taxable to the City. Requested costs for service of process should therefore be reduced by $336.30.

**2.     Fees for copies**

By agreement between the parties, the City reimbursed Kinder Morgan for certain copies of documents provided as courtesy copies to the Court. Kinder Morgan's bill of costs and accompanying declaration do not show a credit for such reimbursement nor does Kinder Morgan state that such costs have been excluded from its request. As such, Kinder Morgan's bill of costs for courtesy copies is not supported and should be denied with respect to copying costs. In the alternative, costs should be reduced by $300 paid by the City to Kinder Morgan for courtesy copy costs.

**3.     Fees for Electronic Copy Costs:**

Kinder Morgan's stated fees for electronic copy costs are excessive and include items not taxable pursuant to 28 U.S.C. §1920. "Under § 1920(4), 'fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production.' *Romero v. Pomona,* 883 F.2d 1418, 1428 (9th Cir.1989), *overruled in part on other grounds in Townsend v. Holman Consulting Corp.,* 914 F.2d 1136, 1141 (9th Cir.1990); *see Gabriel Techs.,* 2010 WL 3718848, at *11 (quoting *Zuill v. Shanahan,* 80 F.3d 1366, 1371 (9th Cir.1996)). The distinction between the 'physical production' versus 'intellectual effort' is that costs associated with physically replicating or producing documents or data are recoverable under § 1920(4), while costs arising out of discovery-related activities tied to strategic, confidentiality, or other types of concerns typically entrusted to lawyers involve intellectual effort and are not recoverable" *Jardin v. DATAllegro, Inc.*, 08-CV-1462-IEG WVG, 2011 WL 4835742 (S.D. Cal. Oct. 12, 2011).

Kinder Morgan's costs for organizational tasks, such as "create new fields, etc." and "create report of batches, etc." are not taxable and should be excluded. Further, Kinder Morgan's costs for OCR (optical character recognition) are not taxable. The OCR files were not produced to the City as part of the production and

therefore the creation of such files could only have been for Kinder Morgan's convenience in review and in performing the intellectual effort involved with review or strategic concerns. As such, these costs are not allowed. *Id*.

Similarly, Kinder Morgan includes an enormous number of costs labeled only with general descriptions such as ""process electronic documents for production". *See* Broderick Declaration at Exhibit D. These tasks appear to be for services other than "create TIFF images", which is listed in the declaration as a separate task. Therefore, Kinder Morgan has not shown that these tasks are taxable as "physical preparation of the documents" rather than the non-taxable intellectual effort involved in the production. *See* Romero, 883 F.2d at 1428.

Likewise, invoices included show that Kinder Morgan is requesting costs for matters such as internal correspondence regarding receipt of documents or equipment and internal email regarding loading documents into Kinder Morgan's review database. Again, costs associated with Kinder Morgan's review of the documents are not taxable. *Id*. But even if such costs might otherwise be taxable, internal email and correspondence would fall within the "intellectual effort" category of costs which are not taxable. Similarly, items such as meeting with a vendor to discuss OCR and Concordance load files (which, again, were not produced to the City, and therefore clearly were for the convenience of Kinder Morgan) fall firmly within the intellectual effort category of costs not taxable.

Kinder Morgan also has included some costs which explicitly relate to "review for redaction". Costs for reviewing documents for redaction are not taxable. *Id.*; *Jardin* , 2011 WL 4835742.

Further, charges for data conversion are included at the excessive rate of $100 per hour. Kinder Morgan does not state in its bill of costs or supporting affidavit that

this was the actual cost paid to its technicians for conversion to TFF files.[1]  "To the extent that counsel charges a party more than actual cost for any service, be it reproduction of documents or telephone calls, counsel is recovering additional fees." *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991). Kinder Morgan's costs for all "DLA Piper" costs, therefore, are not supported and should not be allowed.

Further, costs for DLA Piper personnel are excessive on their face, as certain technicians billed greater than 24 hours of time for production in a single day.  *See, e.g.* Broderick Declaration at Exhibit D, pg. 49 (on 11/10/2010, M. Marksberry billed 39.7 hrs. for the task of "process electronic documents for production."; 1/21/2011, M. Marksberry billed 41.6 hours for the task of "process electronic documents for production."; P. Pierce billed 24.4 hrs. on that same date for the same tasks).  These entries call into question the accuracy of all claimed costs and would justify a broader and more in-depth review, which the court is respectfully requested to order.

In addition, Kinder Morgan produced many tens of thousands of pages of duplicate documents which, by agreement of counsel, were not expected, required, or desired to be produced in duplicate.  Counsel for Kinder Morgan stated that in many cases it was more convenient for them to produce duplicate copies than to remove the duplicates.  The costs of electronic conversion and production relating to these documents, therefore, relate to the convenience of Defendants' counsel and were not a necessary cost.  As such, these costs should be denied.

Similarly, Kinder Morgan produced hundreds of thousands of pages of documents that were completely redacted (for reasons of Kinder Morgan's convenience – such redactions did not relate to privilege).  The redactions were so

---

[1] Indeed, it seems highly unlikely that Kinder Morgan's copy center employees earn roughly $200,000 annually, which would be the expected wage for billing $100/hr. for 40 hours/week.

extensive that they rendered production of the documents meaningless. Because these documents were redacted so extensively they did not contain text (just blacked out area where text might have been, absent redaction), imaging of these documents was a superfluous activity, and any imaging that was done amounted solely to the benefit of Kinder Morgan in reviewing the documents. Production of documents that are entirely blacked out was not necessary, or even marginally helpful, to the trial of this matter, and therefore costs for production or imaging of these documents should be denied.

As a whole, Kinder Morgan's bill of costs relating to electronic production is unsupported, includes costs not taxable, and is billed at an exorbitant rate which attempts to recoup fees. As such, Kinder Morgan has not shown that it is entitled to any of these costs, and such costs should be denied absent further support. As such, Kinder Morgan's requested costs should be reduced by $194,730.82.

### 4. Fees for Depositions and Witnesses

Kinder Morgan's bill of costs contains a request for costs for many depositions which were excessive and not necessary to the defense of this action. For instance, seven of these depositions relate to the City's efforts in its production of documents. (Mathew Alger, Greg Cross, Kathy Joy, Sherrie Hatchett, Susan Taylor, Kathleen Temwolde, and Alan Watkins). A proper meet and confer with counsel for the City would have netted Defendants with the same assurance that the City exercised proper diligence in collecting documents as did these excessive and unwarranted depositions. Similarly, deposition of City employees such as Joy Newman or Jeannette Temple, who had no involvement in any issues relating to this case, were excessive and unnecessary for trial. Likewise Vicente Bianes, Roger Bush, Perry Dealy, and Richard Mendez did not have information necessary for trial in this matter and these depositions clearly were not necessary even as of the time the

deposition was taken. As such, costs for these depositions should be denied. Kinder Morgan's requested costs should, at minimum, be reduced by $12,809.48.

Similarly, deposition of Deputy City Attorney Grace Lowenberg was not necessary to trial, and should not be allowed. Kinder Morgan spent two days deposing Ms. Lowenberg attempting to crack the City's privilege and work product. Kinder Morgan's efforts to delve into the work product of the City were not necessary for trial and costs associated with such efforts, including costs for the deposition of Ms. Lowenberg, should be denied. Therefore, Kinder Morgan's requested costs should be reduced by an additional $2661.86.

Further, Kinder Morgan increased the costs of many deposition transcripts by the introduction of large exhibits solely for the purpose of authenticating documents. Counsel for the City repeatedly offered to enter into a stipulation regarding authenticity, rather than have either side burdened with the time and expense of authenticating documents at deposition. These excessive exhibits were included in the depositions of James Barwick, Roger Bush, Sylvia Castillo, Michael McSweeny (Vol. I), Ted Olson (Vol. I), and Stephen Sushan, as well as many other depositions to a lesser degree. As such, costs for deposition transcripts are excessive and should not be allowed absent additional support by Kinder Morgan demonstrating those costs which are allowed. At minimum, however, costs for deposition transcripts should be reduced by an additional $12,212.21.

### 5. Costs for Exhibits

Kinder Morgan has included in its request for costs the costs of exhibits it prepared for a settlement conference. Expenses associated with mediation are not taxable. *Aerotech Res., Inc. v. Dodson Aviation, Inc.*, 237 F.R.D. 659, 666 (D. Kan. 2005). Because settlement conferences, like mediation, are not for purpose of trial, but rather to avoid trial, such costs should be denied. Kinder Morgan's request for costs for visual aids should therefore be reduced by $1,745.55.

### B. The City of San Diego requests a stay of costs pending appeal

Payment of a supersedeas bond entitles a party taxed with costs to a stay of such costs pending appeal as a matter of right. *See Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F. Supp. 1101, 1104 (S.D. Cal. 1990); Fed. R. Civ. Proc. 62(d). However, where a party's ability to pay is apparent, imposition of a bond causes a waste of money and waiver of a bond requirement is appropriate. *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F. Supp. 1101, 1104 (S.D. Cal. 1990). Therefore, where the amount of costs is low relative to the size or financial worth of the entity, the Court may stay costs without requirement of a supersedeas bond. *Id.*; *Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977); (the grant of a stay without a bond is a matter within the trial judge's discretion).

Here, even were the Court to award the entirety of Kinder Morgan's requested costs, which, as explained above, it should not, the ability of the City of San Diego to pay such costs cannot seriously be questioned. *See generally* http://www.sandiego.gov/fm/proposed/index.shtml (explaining historical budget deficits have been resolved and proposed budget for FY 2013 of $2,710,000,000). Therefore, payment of a supersedeas bond would amount to a waste of taxpayer dollars. The City therefore respectfully requests that any award of costs be stayed pending the appeal of the judgment to the Ninth Circuit.

DATED: February 22, 2013

Respectfully submitted,
JAN I. GOLDSMITH, City Attorney


By: __/s/ *Daniel F. Bamberg*_____
    Daniel F. Bamberg,
    Deputy City Attorney

Attorneys for Plaintiffs PEOPLE OF THE
STATE OF CALIFORNIA and
THE CITY OF SAN DIEGO

|   |   |
|---|---|
| DATED:  February 22, 2013 | Respectfully submitted,<br>TATRO TEKOSKY SADWICK LLP |

By: _/s/ *Steven R. Tekosky*_____
    Steven R. Tekosky

Attorneys for Plaintiffs PEOPLE OF THE STATE OF CALIFORNIA and THE CITY OF SAN DIEGO

Tatro Tekosky
Sadwick LLP
ATTORNEYS AT LAW

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2013, I electronically filed

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' BILL OF COSTS AND REQUEST FOR STAY OF COSTS**

with the Clerk of the court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

| | |
|---|---|
| Jan I. Goldsmith, City Attorney<br>Dan Bamberg, Esq.<br>Office of the San Diego City Attorney<br>1200 Third Avenue, Suite 1100<br>San Diego, CA 92101-4100<br>Tel: (619) 533-5800<br>Fax: (619) 236-7215 | **Attorneys for Plaintiff** |
| Terry D. Ross, Esq. (terry.ross@dlapiper.com)<br>Michael S. Tracy, Esq. (mike.tracy@dlapiper.com)<br>Robert C. Lonstreth, Esq. (bob.lonstreth@dlapiper.com)<br>M. Ray Hartman III (ray.hartman@dlapiper.com)<br>**DLA Piper US LLP**<br>401 B Street, Suite 1700<br>San Diego, CA 92101-1700<br>Tel: (619) 699-2700<br>Fax: (619) 699-2701 | **Attorneys for Defendants** |
| Steven H. Goldberg, Esq. (sgoldberg@downeybrand.com)<br>Gregory T. Broderick, Esq. (gbroderick@downeybrand.com)<br>**DOWNEY BRAND LLP**<br>555 Capitol Mall, Tenth Floor<br>Sacramento, CA 95814-4686<br>Tel: (916) 444-1000<br>Fax: (916) 444-2100 | |
| Steven M. Strauss, Esq. (sms@cooley.com)<br>Summyer J. Wynn, Esq. (swynn@cooley.com)<br>COOLEY LLP<br>4401 Eastgate Mall<br>San Diego, CA 92121<br>Tel: (858) 550-6000<br>Fax: (858) 550-6420 | |

*/s/ Karen L. Roberts*
Karen L. Roberts